SVK

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven Michael Knight,            ) | No. CV 07-0418-PHX-DGC (LOA) |
|            Plaintiff,             ) | **ORDER** |
| vs.                               ) | |
| Todd Guilford, et al.,            ) | |
|            Defendants.            ) | |

Plaintiff Steven Michael Knight, who is confined in the Maricopa County Fourth Avenue Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. The Court dismissed the Complaint because it did not state a claim and gave Plaintiff 30 days to file an amended complaint. Plaintiff filed a First Amended Complaint on April 19, 2007. The Court will order Defendants Guilford and Williams to answer Count IV of the First Amended Complaint and will dismiss the remaining claims and Defendants without prejudice.

**I.      Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

**TERMPSREF**

## II.  First Amended Complaint

Plaintiff names the following Defendants: (1) Todd Guilford, Phoenix Police Officer; (2) Wayne Williams, Phoenix Police Officer; (3) Sgt. McClimans, Phoenix Police Officer; (4) Matthew Richardson, Phoenix Police Officer; (5) City of Phoenix Police Department; (6) Steven Bonaguidi, attorney; (7) Sarah Stone, attorney; (8) Unknown Prosecutor, State Bar # 024115; (9) Maricopa County; (10) Judge Roland J. Steinle; and (11) State of Arizona.

The First Amended Complaint contains ten counts, which arise from Plaintiff's arrest and subsequent prosecution. In Count I, Plaintiff alleges that Guilford and Williams put Plaintiff "under duress by their coercive tactics." Plaintiff claims that these Defendants fabricated facts in their police report, resulting in Plaintiff being jailed and "held to answer." In Count II, Plaintiff alleges a violation of his right to be free from unreasonable searches and seizures. He claims that, without probable cause, the residence at 7714 Whitton Avenue was searched because the occupants were drug dealers and that Defendants Guilford and Williams fabricated a story that Plaintiff fled with a bag of meth or marijuana. This resulted in his arrest on false charges. In Count III, Plaintiff alleges a violation of his due process rights when Defendant Guilford punched Plaintiff in the face and claimed that Plaintiff was going for Guilford's gun. Plaintiff was arrested for assault and resisting arrest.

In Count IV, Plaintiff alleges that Defendants Guilford and Williams used excessive force. While Plaintiff was lying on the ground, Defendant Guilford beat Plaintiff and Defendant Williams put his knee and whole body weight on Plaintiff's neck and unnecessarily twisted Plaintiff's arms. In Count V, Plaintiff alleges that Defendants Guilford and Williams "paraded" Plaintiff in front of the neighbors, taunted him, unbuttoned and unzipped Plaintiff's pants, pulled the elastic of Plaintiff's underwear outward to look at his genitals, and said "I thought we arrested a male." Plaintiff also alleges that he requested medical care because blood was pouring into his eyes. In Count VI, Plaintiff alleges that after he invoked his right to remain silent, Defendant Williams denied Plaintiff medical attention for several hours and Defendant Guilford threatened that Plaintiff would go to prison. In Count VII, Plaintiff alleges that blood was running into his eyes and he could not

1 see; he asked to be taken to the hospital and Guilford said "I don't care if you bleed to
2 death." He and Defendant Williams mimicked a baby crying. Plaintiff suffered emotional
3 distress.

4     In Count VIII, Plaintiff alleges that while at Maryvale Hospital, Defendant Guilford
5 continued the violation of Plaintiff's rights by telling everyone Guilford's version of the
6 events. In Count IX, Plaintiff alleges that the violation of his rights has continued and
7 become worse and it is almost time for his trial. Plaintiff alleges ineffective assistance of
8 counsel and that the County is violating his rights by continuing the malicious prosecution
9 and by not answering his motions. In Count X, Plaintiff alleges that Defendant Steinle,
10 Superior Court Judge, has allowed the continuation of the violation of Plaintiff's rights by
11 not requiring Defendants to answer Plaintiff's motions and by threatening Plaintiff with the
12 loss of *pro per* status.

13     Plaintiff seeks damages.

14 **III.   Dismissed Defendants**

15     **A.   Sgt. McClimans and Officer Richardson**

16     To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific
17 injury as a result of specific conduct of a defendant and show an affirmative link between the
18 injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).
19 Plaintiff makes no allegations of specific conduct by Defendant McClimans. With regard
20 to Defendant Richardson, Plaintiff alleges in his description of Defendant that he aided and
21 was a co-conspirator to the others; however, Plaintiff alleges no specific conduct by
22 Defendant Richardson. The plaintiff must state specific facts, not mere conclusory
23 statements, to support the existence of the alleged conspiracy. Burns v. County of King, 883
24 F.2d 819, 821 (9th Cir. 1989). The First Amended Complaint is devoid of any factual
25 allegations that Defendants had an agreement or "meeting of the minds" to violate Plaintiff's
26 constitutional rights. Plaintiff has failed to state a claim against Defendants McClimans and
27 Richardson, and they will be dismissed.

28

### B. Phoenix Police Department

Municipalities and other local governing bodies are included among those "persons" who may be sued under § 1983. Monell v. Department of Social Services of New York, 436 U.S. 658, 690-91 (1978). Because the City of Phoenix Police Department is not a municipal corporation, a local governing body or a private corporation, it is not a "person" amenable to suit under § 1983. Any actions stemming from a city policy must be brought against the city itself [1] and not against an administrative subdivision of the city; thus, the City of Phoenix Police Department is an improper defendant.

### C. Steven Bonaguidi, Sarah Stone, and Unknown Prosecutor

These Defendants are attorneys. Although Plaintiff alleges ineffective assistance of counsel and wrongdoing by the county attorneys, Plaintiff has alleged no specific conduct by any of these Defendants. Thus, Plaintiff has failed to state claims against these Defendants, and they will be dismissed. In addition, the Court notes that a prerequisite for any relief under 42 U.S.C. § 1983 is a showing that the defendant has acted under the color of state law. An attorney representing a criminal defendant, even a public defender or court-appointed counsel, does not act under color of state law. See Polk County v. Dodson, 454 U.S. 312, 317-18 (1981). And prosecutors are absolutely immune from liability under § 1983 for their conduct in "initiating a prosecution and in presenting the State's case" insofar as that conduct is "intimately associated with the judicial phase of the criminal process." Buckley v. Fitzsimmons, 509 U.S. 259, 270 (1993) (citing Imbler v. Pachtman, 424 U.S. 409, 430 (1976)); Burns v. Reed, 500 U.S. 478, 486 (1991) (quoting Imbler v. Pachtman, 424 U.S. 409, 430-431 (1976)); Ashelman v. Pope, 793 F.2d 1072, 1076 (9th Cir. 1986). Defendants Bonaguidi, Stone, and Unknown Prosecutor will be dismissed.

---

[1] Although it is unclear from the First Amended Complaint, Plaintiff may have also named the City of Phoenix as a Defendant. Plaintiff has not, however, alleged that any Defendant acted pursuant to a policy or custom of the City of Phoenix; Plaintiff has failed to state a claim against the City. See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 166 (1993).

### D.     Maricopa County

"[A] municipality can be sued under § 1983, but it cannot be held liable unless a municipal policy or custom caused the constitutional injury." Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 166 (1993). Plaintiff does not allege that any Defendant acted in conformance with a policy or custom of Maricopa County. Accordingly, Defendant Maricopa County must be dismissed.

### E.     Judge Roland Steinle

Judges are absolutely immune from § 1983 suits for damages for their judicial acts except when they are taken "in the clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 356-357 (1978); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986). An act is "judicial" when it is a function normally performed by a judge and the parties dealt with the judge in his or her judicial capacity. Stump, 435 U.S. at 362; Crooks v. Maynard, 913 F.2d 699, 700 (9th Cir. 1990). The Court must construe these factors "generously in favor of the judge and in light of the policies underlying judicial immunity." Ashelman, 793 F.2d at 1076. The allegations against Defendant Judge Steinle involve judicial acts; the Court will dismiss this Defendant.

### F.     State of Arizona

The State of Arizona is not a proper Defendant. Under the Eleventh Amendment to the Constitution of the United States, a state or state agency may not be sued in federal court without its consent. Pennhurst State School and Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Furthermore, "a state is not a 'person' for purposes of section 1983." Gilbreath v. Cutter Biological, Inc., 931 F.2d 1320, 1327 (9th Cir. 1991) (citation omitted). Accordingly, Defendant State of Arizona will be dismissed.

1    **IV.    Failure to State a Claim**

2        **A.    Count I**

3    Plaintiff claims that Defendants Guilford and Williams fabricated facts in their police report, resulting in Plaintiff being jailed and "held to answer." Plaintiff alleges that he has made motions in Superior Court, but they have not been answered.

Although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519 (1972), conclusory and vague allegations will not support a cause of action. Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982); Rhodes v. Robinson, 612 F.2d 766, 772 (3d Cir. 1979). Here, Plaintiff does not state what false accusations or charges were made against him; instead he alleges only that he was "falsely accused of lying and threatened with consequences." Although he claims that Defendants filed a false report that they were responding to a call at the residence, this allegedly false statement is not an accusation or charge against Plaintiff. The Count does not give the Defendants adequate notice of what they must defend against and does not state a claim.

**B.    Count II**

In Count II Plaintiff alleges a violation by Defendants Guilford and Williams of his right to be free of unreasonable searches and seizures. He claims that without probable cause, the residence at 7714 Whitton Avenue was searched because the occupants were known drug dealers and that Defendants Guilford and Williams fabricated a story that Plaintiff fled with a bag of meth or marijuana. This resulted in Plaintiff's beating and an arrest on false charges, which Plaintiff claims is the fruit of the illegal search.

It appears that the search was not of the Plaintiff's home, and Plaintiff alleges no facts that would give him standing to challenge the search. See U.S. v. Paopao, 469 F.3d 760, (9th Cir. 2006). He does not explain what he was doing at the house or allege any facts that would give him an expectation of privacy in the residence of others, as is required to state a Fourth Amendment claim. See U.S. v. Thomas, 447 F.3d 1191, 1197-98 (9th Cir. 2006); U.S. v. Lockett, 919 F.2d 585, 588 (9th Cir. 1990) (a defendant lacked standing to challenge a search because he did not reside at or show a proprietary interest in a residence or show

joint control or supervision of the property).  Plaintiff does not claim that Defendants searched his effects.  See Paopao, 469 F.3d at 765 n. 2.  Moreover, Plaintiff does not allege why there was no probable cause to search the house, and he does not say what charges were brought against him.  Plaintiff has failed to state a claim for violation of the Fourth Amendment.

### C.  Count III

Rule 8(a) of the Federal Rules of Civil Procedure provides in part that:

> A pleading which sets forth a claim for relief. . . shall contain (1) a short and plain statement of the grounds upon which the Court's jurisdiction depends, . . . [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief. . . .

Rule 8(e)(1) provides in part that "[e]ach averment of a pleading shall be simple, concise, and direct."  Fed.R.Civ. P. 8 (e) (1).  In addition, the form Complaint and accompanying instructions require that a plaintiff include only one claim per count.  The requirement is also imposed by the local rules of this Court.  See LRCiv 3.4(a) (complaint must be in accordance with the instructions provided with the form).  Count III does not comply with the requirement of a short, plain statement and one claim per count, and to the extent that the claim is about excessive force, it is raised more clearly in Count IV.

Plaintiff alleges a violation of his due process and equal protection rights when Defendant Guilford punched Plaintiff in the face and claimed that Plaintiff was going for Guilford's gun.  Plaintiff was arrested for assault and resisting arrest. He complains that the weapon was never fingerprinted, that Defendant Williams used coercive tactics on a Leslie Safar to try to convince her to say that Plaintiff had illegally entered the house, and that the officer asked Safar for consent to search the house, which shows that Defendant did not have probable cause for the search.  Plaintiff alleges that the injury he sustained was a physical injury resulting in surgery.

Here, although Plaintiff alleges a violation of due process and equal protection, the injury claimed was from the alleged punch.  The due process claim is unclear, and equal protection requires that all persons similarly situated be treated alike.  Plyler v. Doe, 457

1  U.S. 202, 216 (1982); Gilbrook v. City of Westminister, 177 F. 3d 839, 871 (9th Cir. 1999)
2  (in order to state an equal protection claim, a plaintiff must allege "unequal treatment of
3  people similarly situated").  Plaintiff does not allege the unequal treatment of persons
4  similarly situated. The other facts are unrelated to the harm claimed; the facts regarding
5  fingerprints and probable cause to search appear to be related to Plaintiff's claims of false
6  charges and an illegal search.  The claim is not a short, plain statement of the grounds for
7  relief and raises more than one claim.  Moreover, the claim for excessive force is more
8  clearly alleged in Count IV.  This Count will be dismissed.

9  **D.**    **Count V**

10  Plaintiff alleges that Defendants Guilford and Williams "paraded" Plaintiff in front
11  of the neighbors, taunted him, unbuttoned and unzipped Plaintiff's pants, pulled the elastic
12  of Plaintiff's underwear outward to look at his genitals, and said "I thought we arrested a
13  male."  Plaintiff also alleges that he requested medical care because blood was pouring into
14  his eyes.

15  In this Count, Plaintiff has failed to allege the violation of either the Fourth or Eighth
16  Amendments, although Plaintiff was advised by the Court's Order of March 20, 2007 that
17  he needed to allege such a constitutional violation (Doc. #3).  Moreover, the allegations are
18  insufficient to state claims under either the Fourth or Eighth Amendments.  It appears that
19  the search was conducted immediately after the arrest, Plaintiff alleges no facts concerning
20  lack of justification for a search of his clothing or person, and he does not claim that anyone
21  other than Defendant saw Plaintiff's genitals.  The allegation that he was "paraded around"
22  in front of the neighbors is vague and conclusory, and Plaintiff does not explain how he
23  could have been removed from the house without being seen by the neighbors.  Therefore,
24  he has not alleged facts to show the unreasonableness of the search.  See Way v. County of
25  Ventura, 445 F. 3d 1157, 1160 (9th Cir. 2006), *cert. denied*, 127 S.Ct. 665 (2006). With
26  regard to his request for medical care, Plaintiff does not allege what Defendants did or did
27  not do as a result of the request.  Count V does not state a claim and will be dismissed.

28

### E.   Count VI

Plaintiff alleges that after he invoked his right to remain silent, Defendant Williams denied Plaintiff medical attention for several hours and Defendant Guilford threatened Plaintiff that he would go to prison. As the Court advised Plaintiff in its previous Order, mere delay in medical care is insufficient to state a claim for deliberate indifference, Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985), and verbal harassment or abuse does not state a constitutional violation, Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). Count VI does not state a claim and will be dismissed.

### F.   Count VII

Plaintiff alleges that his equal protection rights were violated because, when he asked to be taken to the hospital for his bleeding, Defendant Guilford said "I don't care if you bleed to death." Plaintiff alleges that he suffered emotional distress. This Count will be dismissed for failure to state a claim because a mere delay in medical care is insufficient to state a claim for deliberate indifference, Shapley, 766 F.2d at 407. The delay must have caused "substantial" harm. See Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990).

### G.   Count VIII

Plaintiff alleges that while at Maryvale Hospital, Defendant Guilford continued the violation of Plaintiff's rights of due process and equal protection and the right against self-incrimination by telling everyone Guilford's version of the events, thus needling and provoking Plaintiff. Plaintiff does not state what it was that Plaintiff said or how it may have been incriminating. The allegations are vague, and verbal harassment or abuse does not state a constitutional violation, Oltarzewski, 830 F.2d at 139. The Count will be dismissed for failure to state a claim.

### H.   Count IX

Plaintiff alleges that the violation of his rights has continued and become progressively worse and it is almost time for his trial. Plaintiff alleges ineffective assistance of counsel and that the County is violating his rights by continuing the malicious prosecution and by not answering his motions. The claims are vague and conclusory and the only

1  Defendant named in this Count is the County, which will be dismissed because there is no
2  allegation that a Defendant acted pursuant to a County policy or practice.  Count IX will be
3  dismissed.

### I. Count X

Plaintiff alleges that Defendant Steinle, Superior Court Judge, has allowed the continuation of the violation of Plaintiff's rights by not requiring Defendants to answer Plaintiff's motions and by threatening Plaintiff with the loss of *pro per* status.  Plaintiff alleges violations of probable cause, illegal seizure, self incrimination, assistance of counsel, privileges and immunities, due process and equal protection. The allegations are vague and conclusory, are not short, plain statements of the claim, and raise more than one claim in the Count.  Moreover, the only Defendant specifically identified in the Count—Judge Steinle—has judicial immunity regarding the conduct alleged.  Count X will be dismissed.

### V. Claims for Which an Answer Will be Required

Liberally construed, the allegations in Count IV regarding excessive force state a claim against Defendants Guilford and Williams, and the Court will order them to answer Count IV.

### VI. Warnings

#### A. Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

#### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

**C.     Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Counts I, II, III, V, VI, VII, VIII, IX, and X and Defendants Sgt. McClimans; Matthew Richardson; City of Phoenix Police Department; Steven Bonaguidi; Sarah Stone; Unknown Prosecutor, State Bar # 024115; Maricopa County; Judge Roland J. Steinle; and State of Arizona are **dismissed** without prejudice.

(2) Defendants Guilford and Williams must answer Count IV.

(3) The Clerk of Court must send Plaintiff a service packet including the First Amended Complaint (Doc. #5), this Order, and both summons and request for waiver forms for Defendants Guilford and Williams.

(4) Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(5) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and First Amended Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(6) The United States Marshal must retain the Summons, a copy of the First Amended Complaint, and a copy of this Order for future use.

(7) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

    (a) personally serve copies of the Summons, First Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

    (b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, First Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(8) **A Defendant who agrees to waive service of the Summons and First Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(9) Defendants Guilford and Williams must answer Count IV of the First Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

1  (10) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(11) This matter is referred to Magistrate Judge Lawrence O. Anderson pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

DATED this 30th day of April, 2007.

_____
David G. Campbell
United States District Judge