SVK

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven Michael Kight, | No. CV 07-0418-PHX-DGC (LOA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Todd Guilford, et al., | |
| Defendants. | |

Plaintiff Steven Michael Kight brought this civil rights action under 42 U.S.C. § 1983 against City of Phoenix Police Officers Todd Guilford and Wayne Williams, alleging use of excessive force.[1] (Doc. #5.) Defendants' second Motion for Summary Judgment is before the Court; in it, Defendants assert that Plaintiff's claim is barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).[2] (Doc. #51.) The motion is fully briefed. (Doc. ##89, 94.) The Court will grant Defendants' motion and terminate the case.

**I.   Background Facts**

Plaintiff's claim of excessive force arose during his arrest on February 11, 2006, in Phoenix, Arizona. The detailed facts of the initial encounter and the altercation – both disputed and undisputed – are set out in the Court's Order denying Defendant first summary judgment motion. (Id.) In that motion, Defendants argued that they did not violate

---

[1] Upon screening, the Court dismissed the City of Phoenix Police Department, Sgt. McClimans, Matthew Richardson, Steven Bonaguidi, Sarah Stone, Unknown Prosecutor, Maricopa County, Judge Roland J. Steinle, and the State of Arizona as Defendants. (Doc. #6.)

[2] The Court issued a Notice pursuant to Rand v. Roland, 154 F.3d 952, 962 (9th Cir. 1998) (*en banc*), advising Plaintiff of his obligation to respond. (Doc. #57.)

Plaintiff's rights under the Fourth Amendment. (Doc. #30.) The Court analyzed the motion under the Fourth Amendment reasonableness standard of Graham v. Connor, 490 U.S. 386, 395 (1989), and denied summary judgment, finding disputed issues of fact. Because Defendants did not raise a defense under Heck until the reply and the Court, therefore, could not consider it, the Court allowed Defendants to file a new motion addressing whether Plaintiff's excessive force claim is cognizable in light of Heck and the allegation that Plaintiff was later convicted of assault on Guilford.

**II.    Legal Standard**

    **A.    Summary Judgment**

A court must grant summary judgment "if the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Under summary judgment practice, the moving party bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, that it believes demonstrate the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323; Devereaux v. Abbey, 263 F.3d 1070, 1076 (9th Cir. 2001) (*en banc*).

If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts that show there is a genuine issue for trial. Fed. R. Civ. P. 56(e); Auvil v. CBS "60 Minutes", 67 F.3d 816, 819 (9th Cir. 1995); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Conclusory allegations, unsupported by factual material, are insufficient to defeat a motion for summary judgment. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts that show there is a genuine issue for trial. Anderson, 477 U.S. at 249; Devereaux, 263 F.3d at 1076.

In assessing whether a party has met its burden, the court views the evidence in the light most favorable to the non-moving party. Allen v. City of Los Angeles, 66 F.3d 1052, 1056 (9th Cir. 1995). The affidavits presented by the parties must "set forth such facts as

1  would be admissible in evidence." Fed. R. Civ. P. 56(e).

   **B.     Heck v. Humphrey**

To recover damages for harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 487. In other words, if the plaintiff's existing conviction or sentence arise out of the same facts that underlie the alleged unlawful behavior for which damages are sought, the § 1983 suit must be dismissed. Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996); see also Cunningham v. Gates, 312 F.3d 1148, 1155 (9th Cir. 2002) (finding that a conviction arising from crimes related to a robbery and subsequent gunfight with police barred § 1983 claims of excessive force because there was no break between the plaintiff's actions and the police response he claimed was excessive).

**III.   Motion for Summary Judgment**

   **A.     Parties' Contentions**

      **1.     Defendants**

Defendants submit their Statement of Facts (Doc. #52); a certified copy of Phoenix Police Department Report Number 2006 60276382 (id., Ex. A); a certified copy of Plaintiff's Sentence of Imprisonment (id., Ex. B); and the affidavits of Todd Guilford (id., Ex. C, Guilford Aff.) and Wayne Williams (id., Ex. D, Williams Aff.). Defendants assert that Plaintiff is currently incarcerated as a direct result of his plea, entered on June 8, 2007, to aggravated assault against Guilford. (DSOF ¶¶ 1-2; Ex. A and B; see also Doc. #91, Ex E #2.) They contend that Plaintiff's claim arose during his arrest on February 11, 2006 in Phoenix. (Id. ¶ 3.)

Defendants initially encountered Plaintiff when he was standing at the back of a truck parked the wrong way on the street. (Id. ¶ 4.) Defendants approached, Williams asked

1 Plaintiff him who owned the truck, and Plaintiff indicated it was his. (Id. ¶¶ 5-6.) Williams
2 advised Plaintiff that the license plate was expired and asked Plaintiff if he had a driver's
3 license. (Id. ¶ 7.) Plaintiff did not have his license, but he gave Williams his license number.
4 (Id. ¶ 8.) Williams then asked for identification; Plaintiff indicated that he did not have any,
5 but he provided his name, date of birth, and social security number. (Id. ¶¶ 9-10.) Plaintiff
6 alleged that Guilford accused him of providing false information, called him a liar and a drug
7 addict, and threatened to put him in jail. (Id. ¶ 11.)

8 Williams did a records check and learned that the truck was not registered to Plaintiff.
9 (Id. ¶ 12.) While Williams conducted the records check, Guilford approached Plaintiff. (Id.
10 ¶ 13.) Plaintiff indicated that he had prior arrests for drugs and manslaughter. (Id. ¶ 14.)
11 Guilford asked Plaintiff for permission to search him. (Id. ¶ 15.) Plaintiff reached into his
12 pants pocket and removed an unknown object from his pants or placed an unknown object
13 down them. (Id. ¶ 16.) When Guilford asked Plaintiff what he had in his hand, Plaintiff
14 began running. (Id. ¶ 17.)

15 Guilford chased Plaintiff through the yard and residence located at 7714 West Whitton
16 Avenue, and Williams ran after them. (Id. ¶¶ 18-19.) Once in the backyard, Plaintiff
17 attempted and failed to jump over a fence and then turned to face Guilford and assumed an
18 aggressive stance. (Id. ¶¶ 20-21.) When Guilford reached Plaintiff, the two men fell against
19 the fence and then to the ground; Plaintiff was on top of Guilford and attempted to remove
20 Guilford's gun from the holster. (Id. ¶¶ 22, 24.) Guilford was in fear for his life. (Id. ¶ 25.)
21 He attempted to subdue Plaintiff but was unsuccessful; he struck Plaintiff three to four times
22 in the head with his fist in an effort to get Plaintiff off him and to prevent Plaintiff from
23 getting the gun. (Id. ¶¶ 26-27.) Plaintiff received a cut above his eye. (Id. ¶ 28.) While
24 Plaintiff was on top of him and attempting to remove his gun from the holster, Guilford
25 yelled to Williams for help. (Id. ¶ 29.)

26 Williams ran towards the two men and pushed Plaintiff off Guilford. (Id. ¶¶ 30.) The
27 officers attempted to handcuff Plaintiff, who refused to release his arms to the officers
28 despite being ordered to do so. (Id. ¶¶ 31-32.) After several attempts to pull Plaintiff's arms

1 free, the officers were able to obtain control of Plaintiff's arms and place handcuffs on
2 Plaintiff. (Id. ¶ 33.)

3     Defendants assert that Plaintiff's allegations in this case stem from his arrest, which
4 resulted in the criminal charges to which Plaintiff pled guilty. (Id. ¶ 38.)  Therefore, a
5 decision by this Court on Plaintiff's claims would imply the invalidity of his conviction.
6 (Doc. #51 at 5.)  They argue that his conviction has not been reversed, expunged, declared
7 invalid, or called into question by a federal court's issuance of a writ of habeas corpus, and
8 therefore, it is barred by Heck.

9     **2.     Plaintiff's Facts**

10     In opposition, Plaintiff submits his Statement of Facts (Doc. #90 (PSOF));
11 Defendants' motion papers and Exhibits (Doc. #91, Exs. A-D); Plaintiff's deposition (id., Ex.
12 E, Pl. Dep. (July 15, 2008)); additional documents related to his criminal case, including his
13 Plea Agreement and the Criminal Complaint (id., Ex. E#1 and E#2); and his unsworn
14 declaration (Doc. #92).

15     Plaintiff alleges that he is no longer in custody on the assault charge and that his
16 claims arose "before, during, and after his arrest on 11 February, 2006." (PSOF ¶¶ 1, 3 ).
17 He asserts that Williams accused him of driving into oncoming traffic. (Id. ¶ 7.)  He
18 contends that Defendants became confrontational at some point after Plaintiff provided them
19 with his name and social security number. (Id. ¶ 11.)  Plaintiff also asserts that Guilford
20 began a stolen vehicle investigation. (Id. ¶ 13.)  Plaintiff disputes that Guilford asked for
21 permission to search him, and he claims that he pulled keys from his pocket. (Id. ¶¶ 15-16.)
22 Plaintiff also claims that he did not start running, but instead walked into his house, and that
23 Guilford followed about 30 seconds later. (Id. ¶ 17.)

24     According to Plaintiff, once in the backyard, Guilford pushed him over the carport
25 fence and then punched him in the face. (Id. ¶¶ 20-21.)  Plaintiff asserts that he was never
26 on top of Guilford and did not attempt to remove his weapon. (Id. ¶¶ 23-24.)  He alleges that
27 Guilford struck him, unprovoked, and that Plaintiff was in fear for his life. (Id. ¶¶ 25, 27.)
28 Williams pushed Plaintiff to the ground, and, using his knee, put the officer's whole body on

1 Plaintiff's neck, and the officers twisted Plaintiff's arms unnecessarily.  (Id. ¶¶ 30-32).
2 Plaintiff claims that he never attempted to gain control of the officer's weapon. (Id. ¶ 34.)

3 Plaintiff also alleges that, although he cannot produce it, his plea agreement contains
4 a clause that "this plea agreement in no way affects any forfeiture proceedings pursuant to
5 A.R.S. § 13-4301 et seq., § 13-2314, or § 32-1993, if applicable, *nor does the plea agreement*
6 *in any way compromise or abrogate any civil actions*, including actions pursuant to A.R.S.
7 § 13-2301 et seq. or § 13-4301 et seq., or the provisions of A.R.S. § 13-2314 or A.R.S. § 13-
8 4310." (Id., Additional Facts ¶ 1.) (Emphasis added.)  He objects to Defendants "switching
9 of Exhibit labels" and to them being allowed to file a second motion for summary judgment.
10 (Id. ¶¶ 3, 8.)  He also asserts that the police report is hearsay evidence.  (Id. ¶ 12.)

11 Plaintiff argues that this Court previously found "Defendants' use of force to be
12 unreasonable and excessive." (Doc. #89 at 2.)  He argues that his claims of excessive force
13 are not necessarily barred by Heck or Smithart.  (Id. at 3.)  He also asserts that Defendants'
14 argument that he cannot challenge his criminal conviction through a civil action is not correct
15 because he is only seeking damages, not injunctive relief, and that he is entitled to be free
16 from excessive force.  (Id.)

17 **3. Reply**

18 In their reply, Defendants note that Plaintiff does not dispute that he was incarcerated
19 as a result of his plea of guilty to aggravated assault on Guilford or that the claim in his case
20 stems from his arrest, which resulted in the criminal charges of aggravated assault on
21 Guilford. (Doc. #94 at 2.)  They argue that he does not dispute any of the facts material to
22 their narrowly tailored motion, but he instead disputes facts material to their previous motion.
23 (Id. at 2-3.)  They reassert their entitlement to relief under Heck.  (Id. at 3.)  Defendants also
24 argue that Smithart, 79 F. 3d 951, is distinguishable from the present case because in
25 Smithart, the conviction and the excessive force claim did not arise from the same acts. (Id.
26 at 4.)  They further argue that Plaintiff's case is similar to Cunningham, 312 F.3d 1148,
27 where there was no break between the plaintiff's actions that resulted in the criminal
28 conviction and the police response about which he complained.  (Id. at 5.)  Defendants

- 6 -

1  dispute that the plea agreement removes Heck's bar.  (Id.)

2  **B.      Analysis**

3  The Court will grant Defendants' motion because they have demonstrated that there is
4  no genuine dispute of fact as to their entitlement to dismissal under Heck, and Plaintiff fails
5  to demonstrate the existence of a material factual dispute.  Specifically, Defendants establish
6  that Plaintiff's conviction on charges of aggravated assault on Guilford arises from the same
7  facts as Plaintiff's claims of excessive force against the officers, and Plaintiff offers no
8  evidence to dispute this.

9  To recover damages for harm caused by actions whose unlawfulness would render a
10 conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence
11 has been reversed on direct appeal, expunged by executive order, declared invalid by a state
12 tribunal, or called into question by a federal court's issuance of a writ of habeas corpus.  Heck,
13 512 U.S. at 486-87.  Although Plaintiff is correct that a conviction does not necessarily bar a
14 claim of excessive force, Smithart is distinguishable from the present case.  In Smithart, the
15 plaintiff pled guilty to assault with a deadly weapon; specifically, he drove his truck at police
16 officers. 79 F.3d at 952.  In his § 1983 claim, the plaintiff alleged that after he exited his truck,
17 the officers provoked him into a confrontation, which they escalated unnecessarily, and then
18 they assaulted him.  (Id.)  The Ninth Circuit held that although Heck clearly barred the
19 plaintiff's claim that the officers lacked probable cause to arrest him and that they brought
20 unfounded criminal charges, the excessive force claim was not barred – success on the claim
21 would not imply the invalidity of the plaintiff's arrest or conviction.  Or, as the court in
22 Cunningham explained, Smithart's assault conviction and his excessive force claim did not
23 arise out of the same acts.  Cunningham, 312 F. 3d at 1155.  In Cunningham, the plaintiff was
24 found guilty of charges arising out of a robbery and shoot out. Cunningham's excessive force
25 claim was barred by Heck because his provocative act of firing on the police and the police
26 response that he claimed was excessive were closely interrelated – there was no break between
27 his acts and the police response.  Id.

28 It is clear in the present case that Plaintiff's claims of excessive force arise out of the

1 same acts as those leading to his guilty plea for aggravated assault on Guilford.  Success on
2 his claims would imply the invalidity of the conviction.  Therefore, the claims are barred by
3 Heck.

4 　　　　As to Plaintiff's remaining arguments, the Court notes that Plaintiff is mistaken in
5 asserting that the Court found that Defendants had used excessive force on him.  Rather the
6 Court found that, viewing the facts in the light most favorable to Plaintiff, as it was required
7 to do on Defendants' summary judgment motion, the disputed facts could demonstrate
8 excessive force. (Doc. #44.)  In addition, the Court finds that even if Plaintiff's plea agreement
9 contained the language alleged, it would not save a claim for relief that is not cognizable.  A
10 claim for damages that would render a conviction invalid is "not cognizable under § 1983"
11 unless the conviction or sentence has been invalidated.  Heck, 512 U.S. at 487.  Moreover,
12 Heck specifically bars damage claims.  Plaintiff's argument that he is not seeking injunctive
13 relief does not save his claim.  Although Plaintiff objects to Defendants' second motion, he
14 does not state on what grounds; furthermore, the Court gave Defendants 30 days from the order
15 denying the first summary judgment motion to file the second motion, and their motion was
16 timely.  Plaintiff's remaining arguments are, likewise, without merit.

17 **IT IS ORDERED:**

18 　　　　(1)　　The reference to the Magistrate Judge is withdrawn as to Defendants' Motion
19 for Summary Judgment (Doc. #51.)

20 　　　　(2)　　Defendants' Motion for Summary Judgment (Doc. #51) is **granted**.

21 　　　　(3)　　 The action is terminated, and the Clerk of Court is directed to enter judgment
22 accordingly.

23 　　　　DATED this 2nd day of March, 2009.

*[signature: David G. Campbell]*
David G. Campbell
United States District Judge

- 8 -